[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On April 25, 2000 the defendant filed a Motion to Suppress all evidence of intoxication resulting from a stop of the defendant's vehicle on September 2, 1999 in Madison, Connecticut. The defendant claims that the stop was unconstitutional because the arresting officers formed their intent to stop the defendant's vehicle without having a reasonable and articulable suspicion of intoxication. Further, the defendant claims that the police used the "pretext" of an equipment violation to justify the stop.
At the hearing on May 1, 2000 both arresting officers testified. The following facts are found: CT Page 5926
Officer Paul Melanson is a nine-year veteran of the Madison Police Department. On September 2, 1999, during the 4:00 P.M. to 11:00 P.M. shift, he was acting as a field training officer for a new member of the department, Officer Brian Baxter. During the shift, Officer Baxter drove a fully marked Madison Police Department car on a regular patrol while Officer Melanson sat beside him and trained him. About 7:30 P.M. the officers drove past The Lobster Nest, a bar on Route One in Madison. Officer Baxter remarked to Officer Melanson that a blue pickup truck in the parking lot of The Lobster Nest had been there a long time. Officer Baxter had seen the vehicle in the same spot when he was on his way to work just before 4:00 P.M.
The officers continued on their patrol in another area of town. About 7:55 P.M. they were returning to the area of The Lobster Nest when they saw the same blue pickup truck pulling out of the parking lot onto Route One headed west. There was nothing unusual about the way the truck was being driven. Officer Melanson asked Officer Baxter if there was any reason why they could stop the pickup truck. Officer Baxter noticed that the light at the truck's rear license plate was not operating. It was dark at the time and the truck's other lights were on. Officer Baxter activated the cruiser's overhead flashing lights and sped up to stop the truck. The truck did not stop immediately but continued a short distance before pulling into a driveway and then stopping.
The pickup truck was owned and operated by the defendant, Joseph McLaughlin. The officers approached the driver's window and asked for the defendant's driver's license, registration and insurance card. During conversation with the defendant they noticed an odor of alcohol on the defendant's breath as well as slurred speech. Further investigation led to the defendant's arrest for driving under the influence of alcohol.
The officers were unable to say whether they would have stopped the defendant's vehicle for this equipment violation if it had not been pulling out of a bar and had not been parked there for at least three and one-half hours. However, because this was a training shift for Officer Baxter, the officers were stopping more vehicles for equipment violations than would normally be the case. Officer Melanson testified that they would not have stopped the defendant's pickup were it not for the registration plate light not being lit.
C.G.S. § 14-96c(c) requires that all motor vehicles have their registration plates illuminated with a white light. C.G.S. §14-96c(c) further requires that such light be wired so that it will function whenever the tail lamps or headlights are illuminated. Also, C.G.S. § 14-96a(a)(1) states that all lighting required by C.G.S. CT Page 5927 § 14-96a through § 14-96aa must be functioning at any time from a half-hour after sunset to a half-hour before sunrise. Sunset on September 2, 1999 was 7:24 P.M. The defendant was stopped at 8:55 P.M., more than a half-hour later. Violations of § 14-96c(c) and § 14-96a
(a)(1) are both infractions.
A police officer has the right to stop a motor vehicle operating on a Connecticut highway even if the reason for the stop is only an infraction under our traffic laws. State v. Dukes, 209 Conn. 98, 122
(1988). At the hearing on this motion the defendant did not contest that his registration plate light was not working and that it was more than a half-hour after sunset. There is no question that the defendant was violating C.G.S. § 14-96c(c) and C.G.S. § 14-96a(a)(1) at the time his vehicle was stopped. The police had the right to stop the vehicle for these violations. "Thereafter, the odor of alcohol on the defendant's breath furnished a reasonable and articulable suspicion that the defendant might be involved in criminal activity and justified his further detention for the limited intrusion represented by sobriety testing at the place where he was being detained," State v. Lamme,216 Conn. 172, 176 (1990).
The defendant claims that this was a "pretextual stop". A pretextual stop occurs when the police use a legal justification to make the stop in order to search a person or place, or to interrogate a person, for an unrelated serious crime for which they do not have the reasonable suspicion to support a stop. United Stated v. Guzman, 864 F.2d 1512,1515 (10th Cir. 1988). Although the defense of a pretextual stop based upon the subjective intent of the police had some support in a minority of the federal circuits at one time, the Supreme Court's decision inWhren v. United States, 517 U.S. 806, 116 S.Ct. 1769, 135 L.Ed.2d 89
(1996) has, with limited exceptions, removed the pretext doctrine from Fourth Amendment jurisprudence. 1 W. LaFave, Search and Seizure, § 1.4, p. 9, 2000 Pocket Part. After the Whren decision, a motor vehicle stop does not violate the Fourth Amendment, regardless of the subjective intent of the officers, provided that there is an objectively justifiable basis to make the stop.
The only Connecticut case found which even addresses the subject of pretextual stops is a 1992 Superior Court case in which Judge Schimelman discusses the split of authority which then existed in the federal courts. Judge Schimelman concluded that the stop in that case was not pretextual even under the minority "subjective" test requested by the defendant. State v. Winfrey, Superior Court, judicial district of New London at New London, Docket No. CR10-204867 (December 11, 1992).
The same reasoning applies in this case. Even if the pretext doctrine CT Page 5928 existed in Connecticut it would not bar the stop of the defendant's vehicle in this case. The evidence at the hearing did not prove that the police were using the broken registration plate light as a mere pretext to stop the defendant's vehicle for another purpose. Officer Melanson was in the process of training Officer Baxter. As part of that training they were making more stops for equipment violations than would normally be the case. The evidence was that the stop of the defendant's vehicle for an equipment violation was part of Officer Baxter's training rather than as a pretext for an improper purpose. The officers would not have stopped the defendant's vehicle if it did riot have an unlit registration plate light.
For the reasons stated, the motion to suppress is denied.
John W. Pickard, Judge